IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DARNELL THOMAS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CONNIE GIPSON, Warden,<br><br>　　　　Respondent.<br>_____/ | No. C 14-1158 CW (PR)<br><br>No. C 11-4709 CW (PR)<br><br>ORDER ADMINISTRATIVELY CLOSING CASE NO. C 14-1158 CW (PR), REFILING PETITION IN CASE NO. C 11-4709 CW (PR) AND ISSUING ORDER TO SHOW CAUSE IN CASE NO. C 11-4709 CW (PR) |

　　　Petitioner, a state prisoner proceeding <u>pro se</u>, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal conviction.  He had previously filed such a petition.  See case no. C 11-4709 CW (PR). Petitioner also moves for leave to proceed <u>in forma pauperis</u> (IFP), which was granted by an Order of the Court in Petitioner's earlier-filed case.  For the reasons stated below, this case is administratively closed and the petition is re-filed as an amended petition in Petitioner's earlier-filed case.

　　　In his earlier-filed case, Petitioner filed a motion to stay the petition while he exhausted his ineffective assistance of counsel claims in state court, which motion for stay the Court granted.  <u>See</u> case no. C 11-4709 CW (PR), docket no. 5.  The Court

stayed and administratively closed the case until Petitioner exhausted his unexhausted claims and moved to reopen the action and lift the stay. Id.  The present petition contains Petitioner's ineffective assistance of counsel claims.  Therefore, he should have filed it as an amended petition in his earlier-filed case.

In the interests of justice and judicial economy, the Court orders the Clerk of the Court to administratively close this case, re-open case no. C 11-4709 CW (PR) and file this petition in that case as an amended petition.  The Court now reviews the amended petition.

Petitioner's amended petition contains the following claims: (1) ineffective assistance of trial and appellate counsel; (2) inappropriate use of "child sexual abuse accommodation syndrome;" (3) failure to instruct on the elements of counts 12, 13 and 14 and failure to hold an evidentiary hearing on this claim; and (4) failure to instruct on lesser included offenses to counts 8, 9 and 11.

These appear to be cognizable habeas claims.

## CONCLUSION

Based on the foregoing, the Court orders as follows.

1.   The Clerk of the Court shall administratively close case no. 14-1158 CW (PR) and terminate all motions in it.  The Clerk shall not charge a filing fee for this case.

2.   The Clerk of the Court shall reopen case no. C 11-4709 CW (PR) and refile the petition as an amended petition in case no. C 11-4709 CW (PR).

3.  The Clerk of the Court shall serve a copy of this Order and the amended petition in case no. 11-4709 CW (PR) and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner at his current address.

4.  No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Petitioner an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty days of his receipt of the Answer.  If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

5.  No later than sixty days from the date of this Order, Respondent may file with this Court and serve upon Petitioner a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.

If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within fourteen days of receipt of an

3

opposition.

6. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

7. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: 6/4/2014

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE